

Exhibit A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Raleigh Area Office**

434 Fayetteville Street, Suite 700
Raleigh, NC 27601-1701
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Raleigh Status Line: (866) 408-8075
Direct Dial: (919) 856-4075
TTY (919) 856-4296
FAX (919) 856-4151
Website: www.eeoc.gov

Charge Number: 433-2011-03293

Marilyn Chism
374 Seastone Street
Raleigh, NC 27603
                      Charging Party

North Carolina General Assembly
16 West Jones Street
Raleigh, NC 27601
                      Respondent

## DETERMINATION

I issue the following determination on the merits of this charge.

Respondent is an employer with the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., and timeliness, and all other requirements for coverage have been met.

Charging Party alleged that she was subjected to discrimination based on her race, Black, and sex, female, when she was asked to resign her employment, in violation of Title VII.

Respondent denies Charging Party's allegations.

An examination of the evidence establishes that Charging Party was employed with the Respondent in the position of Fiscal Research Division Director. The evidence shows that Charging Party has worked for Respondent since May 1998. The evidence does not support Respondent's offered non-discriminatory reason for Charging Party's requested resignation, namely Charging Party's poor performance. Testimony indicates that Charging Party was performing her job successfully and had always been a stellar performer. The evidence shows that Charging Party was the first and only Black Division Director and that no other Division Director's had ever been asked to resign for any reason. Thus, the evidence supports Charging Party's claim that she was asked to resign because of her race, Black in violation of Title VII.

Based on the above, there is reasonable cause to believe a violation of the statute has occurred.

Upon finding that a violation has occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of the matter. The confidentiality provisions of sections 706 and 709 of Title VII and Commission Regulations apply to information obtained during conciliation.

Regarding Charging Party's allegations that she was asked to resign because of her sex, female, the evidence is insufficient to establish a violation of Title VII. This does not, however, certify that Respondent is in compliance with the statute.

If Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the Office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party the near future to begin conciliation.

You are reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

8-5-13
Date

Thomas M. Colclough
Director
Raleigh Area Office