IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CV-348-FL

| | | |
|---|---|---|
| MARILYN M. CHISM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NORTH CAROLINA GENERAL ASSEMBLY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), and (6) (DE 25). Plaintiff responded in support of dismissal on part of the grounds raised by defendant. In this posture, the issues raised are ripe for ruling. For the following reasons, the court grants defendant's motion to dismiss as set forth herein.

### BACKGROUND

Plaintiff commenced this action pro se against defendant on July 22, 2015, asserting claims for race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), arising out of plaintiff's termination from the position of Director of the Fiscal Research Division of the General Assembly. On December 8, 2015, following appearance by counsel, plaintiff filed an amended complaint asserting an alternative claim under the Government Employee Rights Act of 1991, 42 U.S.C. §§ 2000e-16a, et seq. ("GERA").

On January 28, 2016, defendant filed the instant motion to dismiss, arguing that plaintiff's Title VII claims must be dismissed on the ground that plaintiff is not an "employee" covered under Title VII, and on the ground that plaintiff was terminated due to political patronage reasons rather than race and gender discrimination. Defendant seeks to dismiss plaintiff's GERA claim for lack of subject matter jurisdiction.

Plaintiff concedes that she is not an "employee" covered under Title VII. Plaintiff further concedes that this court does not have subject matter jurisdiction over her race and gender discrimination claims under GERA. Plaintiff requests that the Court issue an order dismissing the amended complaint without prejudice so that she may re-file her GERA claims before the EEOC.

**COURT'S DISCUSSION**

A.   Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Bain, 697 F.2d at 1219. Under the former assertion, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." Id. In that case, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Id.

"When a court's personal jurisdiction is properly challenged by motion under Federal Rule of Civil Procedure 12(b)(2), the jurisdictional question thereby raised is one for the judge, with the

2

burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 59-60 (4th Cir. 1993). "Yet when, as here, the district court decides a pretrial personal jurisdiction dismissal motion without an evidentiary hearing, the plaintiff need prove only a prima facie case of personal jurisdiction." Id.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B.   Analysis

    1.   Title VII

Title VII provides that it shall be an "unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race,

3

color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "Title VII on which plaintiff relies require[s] that a claimant be an employee or applicant for employment, 42 U.S.C. §§ 2000e-2(a) . . . [,] and thus employee status is an element of a substantive Title VII claim." Curl v. Reavis, 740 F.2d 1323, 1327 n. 2 (4th Cir. 1984).

Under Title VII, "[t]he term 'employee' means an individual employed by an employer, except that the term 'employee' shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office." 42 U.S.C. § 2000e(f).

"[A] plaintiff's status as an employee under Title VII is a question of federal, rather than of state, law; it is to be ascertained through consideration of the statutory language of the Act, its legislative history, existing federal case law, and the particular circumstances of the case at hand." Curl, 740 F.2d at 1327 (quoting Calderon v. Martin County, 639 F.2d 271, 272-73 (5th Cir.1981)). "State law is only relevant 'insofar as it describes the plaintiff's position, including his duties and the way he is hired, supervised and fired.'" Id. (quoting Calderon, 639 F.2d at 273; citing Owens v. Rush, 654 F.2d 1370, 1375 (10th Cir.1981)). As such, the court must "focus principally on the responsibilities and powers inherent in the position, rather than on the actions of specific individuals, including plaintiffs, who hold or have held the position." Kelley v. City of Albuquerque, 542 F.3d 802, 810 (10th Cir. 2008).

Although the Fourth Circuit has not interpreted the exemption for "appointees on the policy making level," the Supreme Court has observed that statutory definition of employee "refers to

4

appointees 'on the policymaking level,' not to appointees 'who make policy.'" Gregory v. Ashcroft, 501 U.S. 452, 466-67 (1991) (interpreting same definition in Age Discrimination in Employment Act). Thus "[i]t may be sufficient that the appointee is in a position requiring the exercise of discretion concerning issues of public importance." Id.

Circuit courts that have addressed the issue have required a person be in a position as "appointed by an elected official." Crumpacker v. Kansas, Dep't of Human Res., 474 F.3d 747, 755 (10th Cir. 2007). Courts have looked to such factors as "whether the position held by the individual authorizes, either directly or indirectly, meaningful input into governmental decision-making on issues where there is room for principled disagreement on goals or their implementation." Americanos v. Carter, 74 F.3d 138, 141 (7th Cir. 1996). Other factors include the exercise of discretionary power, rather than solely administrative powers, the power to act and speak on behalf of the policymaker, and the ability to control other employees." Stokes v. Benham, No. 3:14-CV-536-JAG, 2015 WL 4139274, at *5 (E.D. Va. July 8, 2015), aff'd, 626 F. App'x 431 (4th Cir. 2015) (internal quotations omitted).

In this case, as plaintiff concedes, her position as Director of Fiscal Research qualifies as an exempt "appointee on the policy making level." 42 U.S.C. § 2000e(f). The Director of Fiscal Research is a statutorily created position, in which the incumbent is appointed by the Legislative Services Commission (the "Commission"), comprised of elected leadership and representatives of the General Assembly. N.C. Gen. Stat. § 120-36.2; 120-31. The Director of Fiscal Research must serve "at the pleasure of the Commission," and is responsible for "assign[ing] the duties and supervis[ing] and direct[ing] the activities of the employees of the Division" of Fiscal Research. Id. § 120-36.2. The position includes statutorily-specified powers and duties including analysis of

5

expenditures and appropriations, evaluation of budgetary compliance by state agencies, examination of state departmental organizations, and making recommendations of "such changes as considerations of increased efficiency might indicate." Id. § 120-36.3. In addition, the incumbent shall "make such other studies, analyses, and inquiries into the affairs of State government as may be directed by the Legislative Services Commission." Id.

In sum, the Director of Fiscal Research is appointed by elected officials, and the statutory appointment authorizes meaningful input into governmental decision-making on issues where there is room for principled disagreement on goals or their implementation. The position includes significant exercise of discretionary power, as well as production of policy reports and recommendations on behalf of the General Assembly, coupled with significant responsibility to control other employees in the varied duties of the Division of Fiscal Research. As such, the position falls within the category of an appointee "on the policy making level," under Title VII. 42 U.S.C. § 2000e(f).

Because plaintiff's position falls within the category of an appointee "on the policy making level," under Title VII, plaintiff's Title VII claims must be dismissed as a matter of law, pursuant to Federal Rule of Civil Procedure 12(b)(6). Contrary to plaintiff's suggestion, dismissal is with prejudice because "the grounds of the dismissal make clear that no amendment could cure the defects in the plaintiff's case." Goode v. Cent. Virginia Legal Aid Soc'y, Inc., 807 F.3d 619, 625 (4th Cir. 2015).

In so holding, the court rejects defendant's alternative grounds for dismissal of the Title VII claims. First, plaintiff's position does not meet the requirements of an "immediate adviser with respect to the exercise of the constitutional or legal powers of" the General Assembly. 42 U.S.C. §

2000e(f). Under the law advanced by defendant in support of this alternative ground, a dispositive disqualifying factor is whether "the position reports to an intermediary appointee rather than directly to the elected official." Kelley v. City of Albuquerque, 542 F.3d 802, 809 (10th Cir. 2008). Here, statute creating the position of Director of Fiscal Research states that the incumbent "shall be responsible to the Legislative Services Officer in the performance of [her] duties," rather than requiring the incumbent to report directly to the General Assembly or individual members thereof. N.C. Gen. Stat. § 120-36.2. Therefore, this exemption does not apply.

Second, defendant's alternative basis for dismissal under a "political patronage" exception to liability fails because it assumes facts not in the light most favorable to plaintiff. The Fourth Circuit has recognized a defense to liability for certain constitutional claims if the plaintiff's "position is one for which political affiliation is a constitutionally permissible ground for termination." Nader v. Blair, 549 F.3d 953, 960 (4th Cir. 2008). In making its argument, defendant presumes that plaintiff was dismissed from her position due to her political affiliation. Such presumption, however, conflicts with plaintiff's assertion that she was dismissed because she was a black female, in order to be replaced with a white male in the position. (See Am. Compl. ¶¶ 102-107, 112-116; 120-122; 128-133). Accordingly, dismissal as a matter of law on the basis of "political patronage" is not warranted.[1]

In sum, plaintiff's Title VII claims must be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), because plaintiff's position falls within the Title VII exemption for an appointee "on the policy making level." 42 U.S.C. § 2000e(f).

---

[1] Defendant notes, without argument, that it moves to dismiss also "based on the State's immunity from suit pursuant to the Eleventh Amendment" and based upon Federal Rule of Civil Procedure 12(b)(2). (DE 26 at 2). Where defendant does not offer any argument in support of dismissal on such grounds, and where the basis for dismissal on such grounds is not apparent from the record, dismissal on such grounds is not warranted.

2. GERA

Defendant seeks dismissal of plaintiff's GERA claim on the basis that this court lacks subject matter jurisdiction to entertain such a claim. Plaintiff concedes this court lacks subject matter jurisdiction to entertain her GERA claim. "GERA mandates that a plaintiff first seek administrative relief with the EEOC and then appeal any adverse administrative decision to the United States Court of Appeals." Crain v. Butler, 419 F. Supp. 2d 785, 788 (E.D.N.C. 2005). Accordingly, "this court is without jurisdiction to hear [plaintiff's] claim if it is governed by the GERA rather than Title VII." Id.

In sum, plaintiff's GERA claim must be dismissed for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). As with plaintiff's Title VII claims, dismissal is "with prejudice" because "the grounds of the dismissal make clear that no amendment could cure the defects in the plaintiff's case." Goode, 807 F.3d at 625. In addition, contrary to plaintiff's argument, this court does not have authority to direct the timing or manner of plaintiff's re-filing of her GERA claim before the EEOC. While plaintiff's position is that a GERA claim re-filed with the EEOC will "relate back to the date of the initial charge," (DE 30 at 20 n. 8), the status of any re-filed claim with the EEOC is not a matter within the jurisdiction of this court.

**CONCLUSION**

Based on the foregoing, the court GRANTS defendant's motion to dismiss (DE 25). Plaintiff's Title VII claims are DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's GERA claim is DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). The Clerk is DIRECTED to close this case.

SO ORDERED, this the 15th day of July, 2016.

                                                                         _____
                                                                         LOUISE W. FLANAGAN
                                                                         United States District Judge